ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SAN JUANRA ART CONTRACTOR, LLC<br>RECURRENTE<br><br>v.<br><br><br>SUPERINTENDENCIA DEL CAPITOLIO<br>RECURRIDO<br><br><br>BUILDING PRESERVATION MATERIAL TECHNOLOGIES, INC.<br>LICITADOR AGRACIADO | TA2026RA00253 | *Revisión Administrativa* procedente de la Oficina de Subastas Superintendencia del Capitolio<br><br>Caso Núm:<br>SF-02-26<br><br>Sobre:<br>Impugnación de Subasta |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo

Rivera Marchand, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 5 de junio de 2026.

Comparece ante esta Curia, San Juanra Art Contractor, LLC (San Juanra o Recurrente) mediante una *Petición de Revisión Judicial.* En ella, solicita que revoquemos la *Notificación Enmendada de Adjudicación de Subasta Formal,* notificada el 8 de mayo de 2026, en donde la Junta de Subastas de la Superintendencia del Capitolio (Junta de Subastas) adjudicó la buena pro de la Subasta SF-02-26 a la empresa Building Preservation Material Technologies, Inc. (BPMT).

Junto a su recurso, San Juanra insta una *Moción en Auxilio de Jurisdicción,* a través de la cual, solicita la paralización de los efectos del referido dictamen administrativo. El 18 de mayo de 2026, declaramos ha lugar la solicitud en auxilio de jurisdicción y ordenamos la paralización inmediata de los procesos.

Por los fundamentos que exponemos a continuación, confirmamos el dictamen administrativo recurrido.

## I.

El 30 de enero de 2026, la Junta de Subastas emitió una invitación para participar en el proceso de licitación de referencia sobre la restauración de los arcos monumentales y de la yesería ornamental del tercer nivel de la rotonda del Capitolio de Puerto Rico. El 20 de febrero de 2026, a través de la Adenda #2, la Junta de Subastas notificó la Hoja de Cotización Revisada (Anejo B) y advirtió que los licitadores no pueden alterarla, so pena de ser descalificados. Poco después, el 23 de febrero de 2026, la Junta de Subastas notificó como Adenda #3, el Formulario de Contestación de Preguntas, en respuesta a las interrogantes de BPMT y de San Juanra. Con respecto a la pregunta sobre dónde contemplar el costo correspondiente a las labores de mosaicos, la Junta de Subastas instruyó a todos los licitadores a: "Favor añadir dicha partida en el desglose de costos."

Al acto de apertura de propuestas, celebrado el 4 de marzo de 2026, asistieron y sometieron sus propuestas tres entidades, a saber: BPMT, San Juanra y Allied Contractors & Engineers, Corp. (Allied).[1] La oferta económica de BPMT fue de $1,183,754.25, seguido de San Juanra cuya propuesta asciende a $1,218,624.70, y por último Allied con $1,389,820.00.

Como parte del proceso evaluativo, el 16 de marzo de 2026, el señor Miguel A. Miranda Pagán, Principal Oficial de Gestión de Proyectos de la Superintendencia, suscribió el Informe Técnico de Recomendación de la Oficina de Gestión de Proyectos (PMO). Surge del mencionado informe que los criterios allí analizados fueron: (1) cumplimiento con el alcance del proyecto; (2) razonabilidad del precio; (3) experiencia en trabajos especializados de restauración histórica; (4) capacidad técnica y administrativa.[2] Cumplido lo anterior, el informe concluyó que BPMT presenta la oferta

---

[1] Surge del expediente que, MFS Construction, LLC adquirió el pliego de la subasta, sin embargo, notificó formalmente que no sometería su propuesta.

[2] Entrada Núm. 4 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos del Poder Judicial (SUMAC TA), Anejo 2, pág. 3.

económica más baja; y que contiene costos competitivos en las secciones principales, especialmente, en la restauración artesanal de yesería, en comparación con los demás licitadores. Sustentado en lo anterior, recomendó adjudicar el proyecto a BPMT.

El 7 de abril de 2026, el Arq. Pablo R. Quiñones rindió el Informe Técnico de la firma de diseño y arquitectura PQC Architectural Studio, LLC. De este surge que, su recomendación está limitada a evaluar las propuestas, a la luz del trabajo técnico y artesanal licitado, dirigido a restaurar los arcos de bronce y la yesería ornamental del tercer nivel de la rotonda del Capitolio. Tras considerar las cualificaciones de los proponentes en términos de su experiencia, el aspecto económico de las propuestas y efectuado un análisis comparativo con un estimado independiente, el Arq. Quiñones recomendó adjudicar la subasta a favor de BPMT. Puntualizó en su informe que, BPMT "presenta una ventaja técnica significativa al haber ejecutado recientemente trabajos en el domo del Capitolio y encontrarse actualmente activo en proyectos relacionados de impermeabilización. En virtud de su experiencia directa, conocimiento de las condiciones existentes y su posición como postor más bajo, concluimos que BPMT, Inc. está cualificado para ejecutar los trabajos de restauración."[3]

Luego de evaluar integradamente los factores técnicos y económicos, y con el beneficio de los informes antes descritos, el 14 de abril de 2026, la Junta de Subastas determinó -de forma unánime- adjudicar la buena pro a favor del licitador con la oferta más baja, BPMT. Se colige del dictamen objeto de revisión que los factores y criterios de adjudicación fueron:

1. Cumplimiento sustancial con el alcance del proyecto y los requisitos del Pliego.
2. Razonabilidad y competitividad del precio en relación con el alcance especializado de los trabajos.
3. Experiencia comprobada en trabajos especializados de restauración histórica y artesanal.
4. Capacidad técnica y administrativa para ejecutar el proyecto.

---

[3] Informe Técnico de la firma de diseño y arquitectura PQC Architectural Studio, LLC, Entrada Núm. 4 en SUMAC TA, Anejo 3, págs. 2-3.

5. Conocimiento directo de las condiciones físicas del inmueble objeto de restauración.

Surge además de su pronunciamiento que, en el ejercicio de su facultad discrecional, la Junta de Subastas dispensó de manera uniforme a todos los licitadores por aquellos defectos de forma que no afecten la integridad ni la sustancia de las ofertas. En lo atinente a la evaluación económica comparativa, analizó que, BPMT presentó la propuesta económica más baja, incluso en cuanto al componente técnico más especializado y complejo. De conformidad, la Junta de Subastas hizo constar en su pronunciamiento los elementos determinantes que incidieron en la adjudicación a favor de BPMT:

1. BPMT ejecutó recientemente la restauración del Domo del Capitolio, proyecto de gran complejidad técnica concluido en octubre de 2024 y reconocido por el Colegio de Ingenieros y Agrimensores de Puerto Rico en 2025.
2. Dicha experiencia directa confiere a BPMT conocimiento superior de las condiciones estructurales, materiales y estéticas del inmueble, garantizando continuidad y fidelidad en la restauración de los arcos monumentales y la yesería ornamental del tercer nivel de la Rotonda.
3. BPMT se encuentra actualmente activo en proyectos relacionados de impermeabilización en el Capitolio, lo que evidencia familiaridad continua con las particularidades del edificio.
4. Esta ventaja técnica resulta especialmente relevante dado que los trabajos requieren coordinación con intervenciones previas y conocimiento de los materiales históricos ya restaurado.

Según expuso la Junta de Subastas en el dictamen recurrido, San Juanra instó la oferta económica más alta en lo que respecta a la restauración de arcos monumentales ($347,140.00) y a la restauración de yesería ($460,000.00), sin haber presentado ventajas comparativas que justifiquen la diferencia de $34,870.15 en comparación con la propuesta de BPMT.

Inconforme, San Juanra acude ante esta Curia mediante el recurso de epígrafe, acompañado de una *Moción en Auxilio de Jurisdicción.* En esta última, solicitó la paralización de la orden de compra o la firma del contrato al licitador agraciado hasta tanto evaluemos los méritos de su causa. En su recurso, imputa a la Junta de Subastas lo siguiente:

Erró la parte recurrida al no adjudicar la buena pro a la parte recurrente[.]

i. Partida no incluida por licitador agraciado hace su propuesta económicamente inferior.

ii. Cualificaciones idóneas: experiencia probada y verdadera continuidad estética.

iii. La parte peticionaria no incumplió con los requisitos formales pero la agraciada sí.

Mediante nuestra *Resolución,* notificada el 18 de mayo de 2026, paralizamos los procesos posteriores a la adjudicación de la subasta y concedimos un término a la parte recurrida para oponerse al recurso de revisión judicial. Cumplido lo anterior y con el beneficio de las posturas de las partes, resolvemos.

**II.**

**A. Adjudicación de subastas**

En Puerto Rico, en aras de fomentar la inversión adecuada, responsable y eficiente de los recursos del Estado, al efectuar una contratación gubernamental de todo tipo de servicio es necesario utilizar los procedimientos de subasta o requerimiento de propuestas (RFP). *RedMane Technology, LLC v. Departamento de Salud D2SOL, Inc., et als.,* 2026 TSPR 37, resuelto el 10 de abril de 2026. Lo antes, en atención al alto grado de interés público envuelto y como mecanismo para adquirir bienes o servicios, en protección de los intereses y del dinero del pueblo. *Íd.*

Como se sabe, a través de estos mecanismos se busca obtener los precios más económicos y evitar el favoritismo, la corrupción, el dispendio, la prevaricación, así como, minimizar los riesgos de incumplimiento. *Sonnell Transit Service, LLC v. Junta de Subastas del Municipio Autónomo de Toa Baja y otro,* 2025 TSPR 85, resuelto el 25 de agosto de 2025. Ante cualquier controversia derivada de un procedimiento de subasta, deberá resolverse a la luz del interés público. *Íd.; St. James Sec. v. AEE,* 213 DPR 366, 377 (2023).

Distinto al requerimiento de propuestas que es un proceso más informal y flexible, las subastas gubernamentales constituyen un procedimiento formal, que no admite ninguna negociación entre la agencia y el licitador y que consta de varias etapas, a saber: (1) la preparación de los pliegos de condiciones y especificaciones; (2) la

publicación del aviso de subasta; (3) el recibo de las propuestas selladas y su posterior apertura pública; (4) la evaluación y el estudio de las propuestas por el comité evaluador de la agencia; (5) la recomendación del comité respecto a la adjudicación de la buena pro; (6) la adjudicación de la subasta, y (7) la notificación a los licitadores. *Sonnell Transit Service, LLC v. Junta de Subastas del Municipio Autónomo de Toa Baja y otro,* supra.

Tanto las subastas como los requerimientos de propuestas están sujetos a revisión judicial, de manera que, sus participantes pueden impugnar su adjudicación. *Mun. Aguada v. W. Const. y Recovery Finance,* supra. Incluso, el derecho a cuestionar una adjudicación de una subasta o RFP mediante el proceso de revisión judicial forma parte del debido proceso de ley. *RedMane Technology, LLC v. Departamento de Salud D2SOL, Inc., et als.,* supra. Sin embargo, el Tribunal Supremo ha sido consistente en dictaminar que, los organismos administrativos se encuentran en mejor posición para evaluar las propuestas y licitaciones ante su consideración, a la luz de los parámetros dispuestos en las leyes y reglamentos aplicables. *Íd.* Al amparo de la pericia que poseen las agencias para identificar la propuesta que mejor responde a las necesidades del gobierno y del interés del pueblo, los tribunales no debemos intervenir con las adjudicaciones de las subastas, salvo que adolezca de un abuso de discreción, arbitrariedad o irracionabilidad. *St. James Sec. v. AEE,* supra.

Nótese que, no existe en nuestra jurisdicción legislación que regule uniformemente los procesos de subasta formal y RFP. *Transp. Sonnell v. Jta. Subastas ACT,* 214 DPR 633 (2024). Mediante la aprobación de la LPAU, 3 LPRA sec. 9601 *et seq.*, la legislatura delegó a cada agencia gubernamental la facultad de aprobar su propio reglamento para establecer el procedimiento y las guías a seguir en estos procesos. *Íd.*; *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 533 (2019).

Cónsono con lo antes, el 19 de marzo de 2025, la Superintendencia del Capitolio de Puerto Rico (Superintendencia) aprobó el Reglamento de Subastas de la Superintendencia del Capitolio de la Asamblea Legislativa de Puerto Rico (R01-25-01) (Reglamento de Subastas). En su Artículo 1 dispone que, entre los objetivos del Reglamento de Subastas está "establece[r] las normas para la adquisición, el arrendamiento de bienes y servicios no profesionales mediante subasta formal" y "orientar las acciones de los miembros de la Junta de Subastas, funcionario y personas que participan en el proceso de licitación y adjudicación de subastas."

**III.**

En su recurso, el Recurrente impugna la determinación de la Junta de Subastas que adjudicó la buena pro a BPMT. Sustenta su recurso en que, presuntamente, la cotización de BPMT está incompleta debido a que su propuesta carece de una partida medular, correspondiente a los trabajos de mosaicos. Añade que, conforme al Artículo 1(F) del Capítulo 5 del Reglamento de Subastas, la Junta de Subastas no está obligada a otorgar la licitación al proponente más bajo.[4] Asegura, además, ser el licitador idóneo y más cualificado para ejecutar cabalmente los trabajos de restauración objeto de esta subasta. Lo antes, por su experiencia de más de 25 años en proyectos de esta naturaleza y luego de haber realizado trabajos ornamentales y estéticos en el interior de la cúpula del Capitolio que corona la sala en donde ubican los arcos a restaurar. Por último, el Recurrente afirma haber sido el único licitador que cumplió con los requisitos formales, en particular, que

---

[4] El citado precepto lee:

La Junta de Subastas podrá rechazar la oferta más baja en precio cuando:
1. Tenga conocimiento y exista evidencia de que el licitador que hace la propuesta no ha dado atención o cumplimiento satisfactorio a contratos que le hayan sido otorgados previamente.
2. No cumple con las especificaciones, requisitos y términos de la subasta.
3. La propuesta no sea razonable en opinión de la Junta, en cuyo caso esta hará una clara exposición de por qué considera que la misma es irrazonable.
4. La Junta tenga suficientes elementos de juicio para concluir que la compra al postor más bajo no beneficiará a los mejores intereses de la Superintendencia. Esa posición deberá estar debidamente justificada.
5. Cualquier otra razón que no responda al mejor interés público.

presentó pliegos completos con todos los folios iniciados, según requerían las especificaciones de la subasta. Por su estrecha relación entre sí, discutiremos los errores conjuntamente.

En su alegato, la Superintendencia señala que el Recurrente incumplió la prohibición expresa de no alterar la hoja de cotización. A esos efectos detalla que, BPMT y Allied incorporaron las partidas correspondientes a los trabajos de mosaicos dentro del renglón 3(h), mientras que, San Juanra cotizó $5,000.00 bajo el renglón 3(h) y otros $120,000.00 en un agregado sub-renglón que no fue autorizado por ninguna adenda, el cual San Juanra identificó como 3(j).[5] Discute que, como la Adenda #3 no exige un renglón intitulado "mosaicos" ni impone una forma única de contemplar su costo, ello no es causa de descalificación de BPMT.

Con respecto al criterio de experiencia técnica, la Superintendencia arguye que la Junta de Subastas es un organismo especializado, capaz de determinar cuál experiencia previa es más relevante a la restauración de los arcos monumentales y a la yesería del tercer nivel de la rotonda del Capitolio. Añade que, en el ejercicio de la facultad decisional de la Junta de Subastas, y respaldado por los informes técnicos ante sí, confirió a BPMT un conocimiento más inmediato y actual de cuáles son las condiciones del inmueble, tras haber restaurado recientemente el domo del Capitolio. Argumenta que, a tenor con lo resuelto en *Misión Ind. P.R. v. J.P.,* 146 DPR 64, 130 (1998), para que los foros judiciales intervengan con tal determinación administrativa, el ordenamiento jurídico requiere demostrar arbitrariedad o irrazonabilidad manifiesta.

Sobre los requisitos formales presuntamente incumplidos, añade que, la Junta de Subastas incluyó una dispensa a esos efectos, aplicable uniformemente a todos los licitadores activos. En la alternativa discute que, San Juanra fue quien incumplió las

---

[5] Cabe señalar que los alegatos de la Superintendencia y de BPMT indican que el Recurrente identificó el referido renglón como 3(i). En ausencia de una copia de la propuesta en el expediente ante nos, y sin poder con ella corroborar cuál es la identificación correcta, nos limitamos a hacer referencia a dicha discrepancia.

instrucciones impartidas cuando modificó la hoja de cotización a pesar de la prohibición expresa a esos efectos.

De otra parte, BPMT asegura en su alegato haber incorporado los costos asociados a los trabajos de los mosaicos en su propuesta, en el renglón 3(h), tal cual requería la hoja de cotización. Imputa a San Juanra haber alterado unilateralmente el formato obligatorio de la hoja de cotización al incluir los costos correspondientes a la restauración de los mosaicos en una partida separada. Además de ser el mejor postor, afirma poseer una ventaja técnica luego de haber reparado el domo exterior del Capitolio en el año 2024 y durante el 2025 haber realizado allí trabajos de impermeabilización.

Allí también, BPMT impugna la aseveración de San Juanra atinente a sus 25 años de experiencia, sustentado en que, según el Registro de Corporaciones, dicha empresa fue constituida durante el mes de mayo del año 2023. Lo antes, sin cuestionar los años de trayectoria de su escultor, Juan Núñez Cruz. Agrega que, el artesano Rigoberto Lucca, quien labora para BPMT, tiene más de 35 años de experiencia en la restauración de mosaicos, vitrales, pinturas, entre otros.

BPMT reconoce en su comparecencia que el Recurrente realizó labores ornamentales interiores, sin embargo, puntualiza que la determinación de la Junta de Subastas es racional cuando sopesó - a favor de BPMT- su experiencia combinada, reciente y continua, y cuando concluyó que el licitador agraciado ofrece mayores garantías de una ejecución segura y eficiente frente a potenciales riesgos técnicos, relacionados a la integridad estructural del inmueble. Expone que, el Recurrente no ha demostrado que la Junta de Subastas haya incidido al interpretar los criterios aplicables a la adjudicación de una subasta, ni que su determinación fue irracional o arbitraria.

Con respecto a los presuntos incumplimientos formales, BPMT reitera que la Junta de Subastas acordó dispensar de manera uniforme los defectos de forma de los licitadores. Discute que, en la

alternativa, para anular la adjudicación de una subasta por defectos formales es necesario que quien lo procura demuestre la materialidad de las omisiones y que la Junta de Subastas incumplió un deber inexcusable de descalificación, lo cual el Recurrente no hizo.

Tras evaluar sosegadamente el expediente en su totalidad y los planteamientos de las partes, concluimos que no procede nuestra intervención con el dictamen impugnado. Según expusimos en el tracto procesal, la Junta de Subastas, en el ejercicio de su facultad adjudicativa y tras sopesar las recomendaciones y el análisis plasmado en los informes técnicos de la PMO y de la firma de diseño y arquitectura, otorgó la buena pro a favor de BPMT, quien a su vez fue el licitador más bajo.

Constatamos del expediente y del dictamen recurrido que, la propuesta de BPMT fue la más baja y competitiva en términos económicos. Se desprende además que, en el componente técnico especializado y complejo atinente a la restauración de yesería, BPMT presentó costos significativamente inferiores. A lo anterior se añade que, BPMT recientemente restauró el domo del Capitolio, lo cual consistió en un proyecto altamente complejo, reconocido por el Colegio de Ingenieros y Agrimensores de Puerto Rico en el año 2025. Según reconoció la Junta de Subastas, lo antes confiere a BPMT un conocimiento superior en las condiciones estructurales, materiales y estéticas del inmueble, y a su vez, brinda una garantía de continuidad y fidelidad en la restauración de los arcos monumentales y de la yesería ornamental del tercer nivel de la rotonda. Otro factor sopesado fue que, BPMT actualmente está realizando trabajos de impermeabilización en el Capitolio, por lo cual, está familiarizado con las particularidades del edificio. Conforme acreditó la Junta de Subastas, lo antes constituye una ventaja técnica relevante debido a la necesidad de coordinación y conocimiento de intervenciones previas y de los materiales históricos ya restaurados.

En cuanto al presunto incumplimiento de BPMT con ciertas formalidades, surge claramente del pronunciamiento recurrido que, la Junta de Subastas dispensó de forma unánime los defectos de forma de todos los licitadores activos. De manera que, aun asumiendo que BPMT y Allied hayan incurrido en la omisión que le imputa el Recurrente, de no haber iniciado todos los folios, la Junta de Subastas expresó no haber considerado tales defectos de forma en su análisis, a beneficio de todos los licitadores por igual.

En definitiva, no surge del expediente que San Juanra lograra demostrar que la determinación de la Junta de Subastas aquí impugnada se hizo en violación a los estatutos o reglamentos aplicables y que no estuvo sustentada en factores racionales. Tampoco el Recurrente evidenció que el análisis que realizó la Junta de Subastas fue arbitrario, caprichoso o que haya incurrido en un error manifiesto.

Por las razones que anteceden, confirmamos la *Notificación Enmendada de Adjudicación de Subasta Formal* objeto de este recurso. Los errores no se cometieron.

**IV.**

Por los fundamentos esbozados, dejamos sin efecto a orden de paralización de los procesos y confirmamos el dictamen administrativo recurrido.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones